IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CT-3123-D

PAMELA HUMPHREY,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )          **ORDER**
                                    )
CHANTA HOWARD, et al.,              )
                                    )
                Defendants.         )

On February 14, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 19] and recommended dismissing Pamela Humphrey's ("Humphrey") 42 U.S.C. § 1983 complaint for failure to state a claim. Humphrey objected to the M&R [D.E. 20].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

Humphrey's objections reiterate arguments stated in her complaint, and her objections do not meaningfully address the M&R. Compare M&R [D.E. 19] 3–6, with [D.E. 20] 2–6. Because Humphrey's objections fail to meaningfully address the M&R, de novo review is not required. See,

e.g., Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Alternatively, Humphrey's objections lack merit. Humphrey names defendants who are not subject to suit under section 1983. See M&R at 4. Moreover, even if defendants were subject to suit, Humphrey's claims fail. At best, she describes alleged verbal abuse and medical negligence. Such claims are not cognizable under section 1983. Id. at 4–5. Finally, any medical malpractice claim is subject to dismissal under North Carolina Rule of Civil Procedure 9(j). See id. at 5–6.

In sum, after reviewing the M&R, the record, and Humphrey's objections, the court OVERRULES Humphrey's objections [D.E. 20], ADOPTS the conclusions in the M&R [D.E. 19], and DISMISSES Humphrey's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The clerk shall close the case.

SO ORDERED. This 27 day of August 2018.

JAMES C. DEVER III
Chief United States District Judge